UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: December 21, 2021

MARXLENIN GALINDO GARCIA,
*individually and on behalf of others similarly situated*,

                Plaintiff,

          v.

JAN AGHA CORP. et al.,

               Defendants.

No. 21-CV-0437 (RA)

ORDER APPROVING
SETTLEMENT AGREEMENT

RONNIE ABRAMS, United States District Judge:

    Plaintiff Marxlenin Galindo Garcia brought this action against various Defendants, the remaining of which are 2280 Bronx LLC d/b/a Kennedy Fried Chicken, Kharullah Mohammad, and Najibullah Mohammad (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Before the Court is the parties' application for approval of a settlement agreement.

    The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $18,000. *See* Settlement Agreement at 2. This includes $6,000 in attorneys' fees and costs; thus, after attorneys' fees are subtracted, Plaintiff will receive $12,000. Fairness Letter at 2. Plaintiff estimates that, were he to recover in full, he would receive approximately $66,214, which includes unpaid wages of $24,681 and other related damages. *See id.* This means that the proposed settlement agreement leaves Plaintiff with approximately 18% of his maximum recovery amount and approximately 49% of his alleged unpaid wages.

This amount is fair and reasonable.  Although this recovery amount falls significantly short of the maximum amount that Plaintiff asserts he might have recovered at trial, it remains reasonable "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement."  *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016).  In particular, Plaintiff's counsel reports that not only have "Defendants categorically den[ied] the allegations in the complaint," but that they also have "produced employment records[] contradicting Plaintiff's claims."  Fairness Letter at 1-2.  Although Plaintiff disputes the accuracy of these records, he "recognize[s] that the information in the records pose[s] a serious threat to his recovery at trial."  *Id.* at 2; *see Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving a settlement of "approximately 18% Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed" when the defendants produced timesheets contradicting the plaintiff's claims).  Further, Defendants "indicated that they were financially strained due to COVID-19, which would affect their ability to fund a larger settlement."  Fairness Letter at 2.  For those reasons and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

The Court also approves the attorneys' fees set forth in the Fairness Letter.  "In a[] FLSA case, the Court must independently ascertain the reasonableness of the fee request."  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (S.D.N.Y. 2016).  Here, the attorneys' fees amount to $6,000, which is exactly one-third of the settlement amount.  *See* Fairness Letter at 2.  When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."  *Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015).  The amount of the fees is therefore reasonable as a fair percentage of the net award.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision in the settlement agreement here is far more limited than those that are routinely rejected. Specifically, Plaintiff is only releasing Defendants from the claims at issue in this action and any claims he may have as of the date of the agreement regarding alleged unpaid compensation under the FLSA, the NYLL, and other wage-and-hour laws. *See* Settlement Agreement at 2-3. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. By separate order, the Court dismisses the Amended Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.[1]

SO ORDERED.

Dated:   December 21, 2021
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] The Court notes that after the parties requested approval of the settlement agreement, Plaintiff's attorney Michael Faillace of Michael Faillace & Associates, P.C. withdrew as counsel and was replaced by Catalina Sojo of CSM Legal P.C. CSM Legal P.C. occupies the same address as was occupied by Michael Faillace & Associates, P.C. Accordingly, the delivery of funds to Plaintiff's attorney, as described in page 2 of the Settlement Agreement, should be addressed to "CSM Legal P.C." rather than "Michael Faillace & Associates, P.C."